# EXHIBIT A

ELECTRONICALLY FILED
11/3/2010 4:46 PM
CV-2010-901991.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>05-CV-201<br><br>Date of Filing:<br>11/03/2010 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### MARY H. BOURGEOIS MS. v. WELLS FARGO BANK, N.A. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
       ☐ Government  ☐ Other                      ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☑ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM DISTRICT COURT**    O ☐ **OTHER**

        R ☐ **REMANDED**          T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**    _____

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ Yes   ☐ No

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   UND008     11/3/2010 4:44:27 PM     /s Earl P Underwood Jr

**MEDIATION REQUESTED:**    ☐ Yes   ☐ No   ☑ Undecided

ELECTRONICALLY FILED
10 4:46 PM
CV-2010-901991.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY BOURGEOIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. 10- |
| | * | |
| WELLS FARGO BANK, N.A., and | * | JURY TRIAL DEMANDED |
| US BANK NATIONAL ASSOCIATION, | * | |
| as TRUSTEE for CITIGROUP MORTGAGE | * | |
| LOAN TRUST 2006-WFHE4 | * | |
| Defendants. | * | |

## VERIFIED COMPLAINT AND
## PETITION FOR INJUNCTIVE RELIEF

COMES NOW Mary Bourgeois, by and through her undersigned attorney, and as her Complaint against the above-named Defendants states as follows:

### SUMMARY OF CLAIMS

These claims arise from the wrongful acts of Defendants taken in connection with a real estate mortgage loan secured by the Plaintiff's home.  Defendants have engaged in extensive discussions with Plaintiff regarding modification of the mortgage. Those discussions which culminated in a trial plan agreement with Defendants.  Plaintiff complied with the trial period plan and was told that she would received a permanent modification.  However, the modification ultimately offered required Plaintiff to finance an inflated amount which totaled over $77,000 more than the original loan balance.  Plaintiff was never provided any explanation of how this amount was calculated and, therefore, she did not sign the modification.  At the same time, Defendants instituted foreclosure proceedings and have published notice of a foreclosure sale with a scheduled sale date of November 8, 2010.  The foreclosure action is contrary to the express provisions of the mortgage which require prior notice of any acceleration of the debt and a statement of amount needed to cure any default.  Defendants failed to provide any such notice

and have instituted foreclosure proceedings without providing Plaintiff any meaningful opportunity to cure. The foreclosure proceeding is wrongful and Plaintiff seeks to have it stopped. Plaintiff also seeks damages for Defendants' breach and other wrongful acts.

## PARTIES

1.    Plaintiff is a natural person and adult resident of Baldwin County, Alabama.

2.    Defendant Wells Fargo Bank, N.A.,(hereinafter referred to as "Wells Fargo"), is a company formed under the laws of the State of California, with its principal place of business in San Francisco, California. At all relevant times, Wells Fargo conducted business in Baldwin County, Alabama.

3.    Defendant US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE4 (hereinafter referred to as "US Bank"), is a company formed under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. At all relevant times, US Bank conducted business in Baldwin County, Alabama. At all relevant times, Defendant Wells Fargo acted as agent for US Bank.

## FACTUAL ALLEGATIONS

4.    On or about March 6, 2006, Plaintiff entered into a mortgage loan with Wells Fargo . The loan was in the amount of $452,000.00 and was secured by Plaintiff's home located at 16535 County Road 32, Summerdale, Alabama (the "Property").

5.    October 29, 2007, Wells Fargo executed an assignment of mortgage to US Bank, as Trustee for CitiGroup Mortgage Loan Trust 2006-WFHE4. However, upon information and belief, any such conveyance of Plaintiff's mortgage or note into that trust would have been contrary to the applicable trust documents and applicable law. For that reason, and others, the

2

"assignment" was ineffective to convey any beneficial interest in the mortgage or note to the trust.

6.      Plaintiff is a real estate agent and also operated an antique retail store in Baldwin County.  Due to decline in the real estate market and the overall economy, Plaintiff experienced a substantial reduction in income in 2008-2009.  By Spring of 2010, Plaintiff was struggling to keep up with the mortgage payments.

7.      In May 2009 Plaintiff begin discussions with Wells Fargo about a possible modification of the mortgage.  During these discussions, Plaintiff was invited to apply for a modification under the Home Affordable Modification Program ("HAMP"). On or about May 29, 2009, Plaintiff submitted a HAMP application along with requested financial information and documentation.  In early June, Plaintiff called Wells Fargo to follow-up on her application and was told that she needed to re-submit her paperwork, which she did.  On or about June 20th, Plaintiff was told over the phone by a Wells Fargo representative that she did not qualify at that time for a HAMP modification. However, she was invited to re-submit her application, which she did.

8.      In July 2009 Wells Fargo instituted foreclosing proceedings against Plaintiff. When Plaintiff received notice of the foreclosing proceedings, she contacted Wells Fargo regarding the modification and was told again to re-submit the financial records and information in support of her request, which she did. Wells Fargo cancelled the scheduled foreclosure sale.

9.      In August 2009, Plaintiff was informed that she was approved for a trial period plan under the HAMP.  Under the trial payment plan, she was required to make three trial period payments of $1,631.76, beginning September 1, 2009.  Plaintiff made all of her trial period payments on time.  At the end of the three-month trial plan period, Plaintiff was told that her

3

modification was under review and to continue to make her trial plan payments until notified further. She was also told that a permanent modification would reduce the monthly payments to approximately the trial payment amount.

.10.     From September 2009 through August 2010, Plaintiff continued to timely make the required trial payments. She was asked on several occasions throughout that period to re-submit previously submitted information and paperwork. She complied with each of these requests.

11.     In August 2010, Plaintiff was notified that she was eligible for a permanent modification. Wells Fargo sent her a package that included a modification agreement. However, the agreement called for financing of a total balance of over $529,000. This exceeds the original principal amount of the mortgage by more than $77,000. This figure also included more than $95,000 in principal forbearance and interest.

12.     Plaintiff immediately contacted Wells Fargo and asked for an explanation of these figures. None of the representatives to whom Plaintiff spoke could explain how the interest and principal forbearance figures were calculated or explain why Wells Fargo was entitled to tack on these amounts to the loan. In addition to her multiple telephone conversations with Wells Fargo, Plaintiff also sent a written request for an explanation of how these figures were calculated. Wells Fargo failed to meaningfully respond to Plaintiff's requests and has never provided any explanation of why the modification agreement called for financing of an amount $77,000 more than the original loan balance. Because she never received the explanation or information requested, Plaintiff did not sign the modification agreement. She indicated to Wells Fargo that she would sign the agreement upon a satisfactory explanation of how the amount to be financed was calculated.

4

13.     On October 4, 2010 US Bank's foreclosure counsel, the lawfirm of Sirote & Permutt ("Sirote"), mailed Plaintiff a foreclosure notice, indicating that a foreclosure sale was scheduled November 8, 2010.

14.     The Sirote notice indicated that US Bank had accelerated the loan effective October 4, 2010.

15.     The mortgage provides a right to cure any default and reinstate the loan prior to acceleration and again within five days prior to any foreclosure sale. The mortgage expressly requires US Bank to provide direct written notice of any intent to accelerate the debt. This notice must be delivered at least 30 days prior to acceleration and must contain specific information regarding the amount required to cure any default and the date by which the cure must be made.

16.     Defendant failed to provide the notice of acceleration required under the mortgage with respect to the acceleration on October 4, 2010 and has failed to provide the notice and information required under the mortgage which would provide a meaningful opportunity to cure and reinstate.   The foreclosure sale scheduled for November 8, 2010, if conducted, would violate the express provisions of the mortgage.


## COUNT I
## (WRONGFUL FORECLOSURE)

17.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

18.     The above-described actions above constitute wrongful foreclosure by Defendant.   These actions include, but are not limited to, the institution of foreclosure

5

proceedings contrary to the terms of the mortgage, and applicable law and the representations made to Plaintiff.

19.     Plaintiff has suffered damage as a proximate result of the wrongful foreclosure.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for wrongful foreclosure and award her compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
## (WANTONNESS)

20.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

21.     The acts and omissions made by Defendants in connection with its management of Plaintiff's mortgage loan account, the Plaintiff's requests for modification and the institution of foreclosure proceedings all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

22.     US Bank has also wantonly hired, trained and supervised its employees.

23.     Plaintiff has suffered damage as a proximate result of US Bank's wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant US Bank for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
## (NEGLIGENCE)

6

24.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

25.    The acts and omissions made by Defendants in connection with its management of Plaintiff's account, the Plaintiff's requests for modification, the acceleration of the debt and the the institution of foreclosure proceedings all constitute negligence.

26.    Defendant has also negligently hired, trained and supervised its employees.

27.    Plaintiff has suffered damage as a proximate result of Defendant's negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants for negligence and award her compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.   Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

<u>**COUNT IV**</u>
**(BREACH OF MORTGAGE AGREEMENT)**

28.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

29.    The acts and omissions made by Defendants in connection with management of Plaintiff's account, the acceleration of debt and the institution of foreclosure proceedings all constitute a breach of Plaintiff's mortgage agreement and .the Alternative Modification Agreement.

30.    Plaintiff has suffered damage as a proximate result of Defendant s' breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants for breach of contract and award her compensatory damages, including damages for mental anguish

7

and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT V
### (BREACH OF FIDUCIARY DUTY)

31.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

32.    Defendants owed Plaintiff an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of sale clause contained in the mortgage.

33.    The acts and omissions made by Defendants in connection with management of Plaintiff's account and the institution of foreclosure proceedings contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith. The trust imposed upon Defendants by Plaintiff and by operation of law and equity has been breached by said acts and omissions and Plaintiff has been damaged as a result of said breach.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for breach of its duties owed to Plaintiff. Plaintiff also requests that this Court award her compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VII
### (REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF)

8

34.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

35.     There exists a justiciable dispute as to the US Bank's right to conduct any foreclosure sale and whether Plaintiff is in breach of the mortgage agreement.

36.     Plaintiff offers to do equity.

WHEREFORE, Plaintiff requests that this Court exercise its equitable powers and issue an order providing the following injunctive and declaratory relief:

A.     Declaring that Defendants have no authority in law or equity to conduct any foreclosure sale, including the one scheduled for November 8, 2010;

B.     Declaring that Plaintiff is in compliance with the mortgage, as amended;

C.     That the foreclosure proceeding initiated by Defendants is wrongful; and

D.     Such other and further relief as the Court deems appropriate, the premises considered.


**TRIAL BY JURY IS HEREBY REQUESTED AS TO ALL CLAIMS AND DEFENSES ASSERTED HEREIN**

EARL P. UNDERWOOD, JR. (UND008)
Underwood & Riemer, P.C.
Attorney for Plaintiff
21 South Section Street
Fairhope, Alabama 36532
251.990.5558
251.990.0626 (fax)

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Wells Fargo Bank, N.A.
c/o CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104


US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE4
 c/o C T Corporation System
North Jackson St., Suite 605
Montgomery AL 36104

## VERIFICATION OF FACTS STATED IN COMPLAINT

**STATE OF ALABAMA**

**COUNTY OF Baldwin**

Before me, the undersigned authority, personally appeared MARY BOURGEOIS who, after being by me first duly and legally sworn, did depose and say under oath as follows:

That she signed the foregoing and the facts alleged therein are true and correct.

MARY BOURGEOIS

Sworn to and subscribed before me

this 3rd day of November, 2010.

Notary Public, State of Alabama at Large
My Commission Expires: Jan 11, 2011

11

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>05-CV-2010-901991.00 |

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
### MARY H. BOURGEOIS MS. v. WELLS FARGO BANK, N.A. ET AL

**NOTICE TO**   WELLS FARGO BANK, N.A., C/O CSC LAWYERS INC SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Earl P Underwood Jr

WHOSE ADDRESS IS 21 South Section Street, Fairhope, AL 36532

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MARY H. BOURGEOIS MS.
   pursuant to the Alabama Rules of the Civil Procedure

11/3/2010 4:46:49 PM                          /s JODY WISE CAMPBELL
Date                                                     Clerk/Register                                                        By

☑ Certified mail is hereby requested        /s Earl P Underwood Jr

                                                               Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____

_____
Date                                   Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>05-CV-2010-901991.00 |
|---|---|---|

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## MARY H. BOURGEOIS MS. v. WELLS FARGO BANK, N.A. ET AL

**NOTICE TO**  US BANK NATL ASSOC. AS TRUSTEE, C/O CT CORP. SYSTEMS 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Earl P Underwood Jr

WHOSE ADDRESS IS 21 South Section Street, Fairhope, AL 36532

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MARY H. BOURGEOIS MS.
pursuant to the Alabama Rules of the Civil Procedure

| 11/3/2010 4:46:49 PM | /s JODY WISE CAMPBELL | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s Earl P Underwood Jr
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____  in  _____  County, Alabama on _____

_____
Date                    Server's Signature

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 05-CV-2010-901991.00 |
| Form C-34 Rev 6/88 | ORIGINAL | |

## IN THE CIVIL COURT OF BALDWIN, ALABAMA

## MARY H. BOURGEOIS MS. v. WELLS FARGO BANK, N.A. ET AL

**NOTICE TO** WELLS FARGO BANK, N.A., C/O CSC LAWYERS INC SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Earl P Underwood Jr

WHOSE ADDRESS IS 21 South Section Street, Fairhope, AL 36532

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MARY H. BOURGEOIS MS.
pursuant to the Alabama Rules of the Civil Procedure

| 11-4-10 | /s JODY WISE CAMPBELL | /s/ |
|---|---|---|
| 11/3/2010 4:46:49 PM | | |
| **Date** | **Clerk/Register** | **By** |

| ☑ Certified mail is hereby requested | /s Earl P Underwood Jr |
|---|---|
| | **Plaintiff's/Attorney's Signature** |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

U.S. Postal Service ™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

7010 0290 0000 4338 5495

nd Complaint to _____

_____ County, Alabama on _____

**10-901991.00**
r. WELLS FARGO BANK, N.A. ET AL

v. **D001 - WELLS FARGO BANK, N.A.**

**Defendant**

05-CV-2010-901991.00 D001

# SERVICE RETURN COPY

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | CIVIL | 05-CV-2010-901991.00 |
| Form C-34  Rev 6/88 | ORIGINAL | |

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## MARY H. BOURGEOIS MS. v. WELLS FARGO BANK, N.A. ET AL

**NOTICE TO** US BANK NATL ASSOC. AS TRUSTEE, C/O CT CORP. SYSTEMS 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Earl P Underwood Jr

WHOSE ADDRESS IS 21 South Section Street, Fairhope, AL 36532

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     MARY H. BOURGEOIS MS.
pursuant to the Alabama Rules of the Civil Procedure

| 11/3/2010 4:46:49 PM | /s JODY WISE CAMPBELL | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s Earl P Underwood Jr
                                     Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006      See Reverse for Instructions

_____ and Complaint to

_____ County, Alabama on _____

...010-901991.00
). v. WELLS FARGO BANK, N.A. ET AL

v.  D002 - US BANK NATL ASSOC. AS TRUSTEE
**Defendant**

05-CV-2010-901991.00 D002

# SERVICE RETURN COPY


ELECTRONICALLY FILED
11/9/2010 1:26 PM
CV-2010-901991.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **MARY BOURGEOIS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *   **Case No.  10-901991.00** |
| | * |
| **WELLS FARGO BANK, N.A., and** | * |
| **US BANK NATIONAL ASSOCIATION,** | * |
| **as TRUSTEE for CITIGROUP MORTGAGE** | * |
| **LOAN TRUST 2006-WFHE4** | * |
| **Defendants.** | * |

### <u>NOTICE OF APPEARANCE</u>

Comes now, Kenneth J. Riemer, and files his notice of appearance as additional counsel on

behalf of Plaintiff in the above-styled case.


   /s/ Kenneth J. Riemer
KENNETH J. RIEMER  (RIE003)
Attorney for Plaintiff
Underwood & Riemer
Post Office Box 1206
Mobile, AL  36633
(251) 432-9212
(251) 433-7172 fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the Alafile system which will send notification to all counsel of record.


/s/Kenneth J. Riemer
KENNETH J. RIEMER  (RIE003)



ELECTRONICALLY FILED
11/3/2010 1:42 PM
CV-2010-901991.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARY BOURGEOIS,                                  )
                                                 )
      Plaintiff,                             )
                                                 )
v.                                               )        CV-2010-901991.00
                                                 )
WELLS FARGO BANK, N.A., and                      )
U.S. BANK NATIONAL ASSOCIATION,                  )
as TRUSTEE for CITIGROUP MORTGAGE                )
LOAN TRUST 2006-WFHE4                            )
                                                 )
      Defendants.                            )

### NOTICE OF APPEARANCE

The undersigned, Catherine C. Long, enters her appearance as counsel of record for Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust 2006-WFHE4 in the above-referenced case.


                        /s/ Catherine C. Long
                        CATHERINE C. LONG (CRO 091)

                        One of the Attorneys for Defendants


**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 328-0480
(205) 488-3846 fax
clong@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon the following counsel of record by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, and/or by electronically filing the foregoing with the Clerk of Court using the Alacourt electronic filing system, on November 5, 2010.

Ken Reimer
Earl Underwood
Attorneys for Plaintiff
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990-5558
(251) 990-0626

/s/ Catherine C. Long
OF COUNSEL



ELECTRONICALLY FILED
11/9/2010 1:47 PM
CV-2010-901991.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| MARY BOURGEOIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CV-2010-901991.00 |
| | ) |
| WELLS FARGO BANK, N.A., and | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| as TRUSTEE for CITIGROUP MORTGAGE | ) |
| LOAN TRUST 2006-WFHE4 | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF APPEARANCE

The undersigned, D. Keith Andress, enters his appearance as counsel of record for Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust 2006-WFHE4 in the above-referenced case.

/s/ D. Keith Andress
D. KEITH ANDRESS (AND 053)

One of the Attorneys for Defendants

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 328-0480
(205) 488-3846 fax
clong@bakerdonelson.com

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing has been served upon the following counsel of record by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, and/or by electronically filing the foregoing with the Clerk of Court using the Alacourt electronic filing system, on November 5, 2010.

Ken Reimer
Earl Underwood
Attorneys for Plaintiff
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990-5558
(251) 990-0626

                      /s/ D. Keith Andress       
                      OF COUNSEL

COMPLETE THIS SECTION ON DELIVERY

SENDER: COMPLETE THIS SECTION

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Michele Rahn_          ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

_Michele Rahn_      _11/8/2010_

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

WELLS FARGO BANK, N.A.

C/O CSC LAWYERS INC SVC

150 S. PERRY STREET

MONTGOMERY, AL 36104

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

CV10-901091 ( DEDI)

2. Article Number
   (Transfer from service label)

7010 0290 0000 4338 5901

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARY BOURGEOIS,                              )
                                             )
     Plaintiff,                          )
                                             )
v.                                           )     CV-2010-901991.00
                                             )
WELLS FARGO BANK, N.A., and                  )
U.S. BANK NATIONAL ASSOCIATION,              )
as TRUSTEE for CITIGROUP MORTGAGE            )
LOAN TRUST 2006-WFHE4                         )
                                             )
     Defendants.                         )

*CIRCUIT COURT*
*BALDWIN COUNTY, AL*
*FILED*

*NOV 08 2010*

*JODY W. CAMPBELL*
*CIRCUIT CLERK*

### NOTICE OF FILING OF NOTICE OF REMOVAL

Please take note that the Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust 2006-WFHE4 (collectively, "Defendants") have caused to be filed on the 5th day of November, 2010, in the United States District Court for the Southern District of Alabama, Mobile Division, a Notice of Removal for the above-styled action to said court. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

                                      _____
                                        D. KEITH ANDRESS (AND 053)
                                        CATHERINE C. LONG (CRO 091)

                                 Attorneys for Defendants

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 328-0480
(205) 488-3846 fax
clong@bakerdonelson.com
kandress@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, and/or by electronically filing the foregoing with the Clerk of Court using the Alacourt electronic filing system, on November 5, 2010.

Ken Reimer, Esq.
Earl Underwood, Esq.
Attorneys for Plaintiff
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990-5558
(251) 990-0626

OF COUNSEL

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| MARY BOURGEOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-2010-_____ |
| | ) | |
| WELLS FARGO BANK, N.A., and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as TRUSTEE for CITIGROUP MORTGAGE | ) | |
| LOAN TRUST 2006-WFHE4 | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446(a), Defendants Wells Fargo Bank, N.A. and

U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust

2006-WFHE4 (collectively, "Defendants")) give notice of the removal of the

proceeding entitled *Mary Bourgeois v. Wells Fargo Bank, N.A. et al.*, designated as

CV-10-901991, pending in the Circuit Court of Baldwin County, Alabama to the

United States District Court for the Southern District of Alabama, Mobile

Division[1] and respectfully show unto the Court as follows:

## I.   <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

A.   <u>The Complaint</u>.  On or about November 3, 2010, a Complaint for

damages entitled *Mary Bourgeois v. Wells Fargo Bank, N.A. et al* was filed and is

---

[1] Defendants specifically reserve any and all applicable defenses pursuant to *Federal Rule of Civil Procedure* 12.

now pending as CV-10-901991 in the Circuit Court of Baldwin County, Alabama. In the Complaint, Plaintiff seeks actual and punitive damages against Defendants, arising from alleged negligence, wantonness, wrongful foreclosure, breach of contract, and breach of fiduciary duty claims arising out of a loan serviced by Wells Fargo, secured by a promissory note and mortgage for real property located in Baldwin County, Alabama. The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto within **Exhibit A**.[2]

      **B.**    **All Defendants Join.**    Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust 2006-WFHE4 are the only named defendants in this action. Although neither Defendant has been properly served, both choose to waive service under Rule 4 of the *Federal Rules of Civil Procedure* in order to proceed with this action. Thus, in accordance with federal law, all named defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL – ORIGINAL JURISDICTION

      **A.**    **Removal is proper under 28 U.S.C. § 1332.**  This action is within the original diversity of citizenship jurisdiction of this United States District Court, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00,

---

[2] Exhibit A contains all pleadings filed in the Circuit Court.

exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are as follows:

a.   Plaintiff Mary Bourgeois is a citizen of the State of Alabama, and currently resides in Baldwin County.  Complaint at ¶ 1.

b.   Defendant Wells Fargo Bank, N.A., is a national association with its main office in Sioux Falls, South Dakota.

c.   Defendant U.S. Bank National Association is a national association with its main office of business in Minneapolis, Minnesota.

Based on the facts set forth in the Complaint, the amount in controversy in this action exceeds $75,000.  Plaintiff has asserted claims based on a loan with an original principal amount of $452,000.00, including a breach of contract claim, and alleges that a modification which allegedly increased the principal amount of Plaintiff's loan in excess of $77,000 was wrongful.  Complaint at ¶¶ 4, 11.

By removing this action to this Court, Defendants do not waive any rights or defenses available to them under federal or state law.  Defendants expressly reserve the right to move for dismissal of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12 and 56.

**B.   Removal is Proper.**  This Court has original jurisdiction of Plaintiff's claims against Defendants pursuant to the provisions of 28 U.S.C. 1332(a)(1), and this action therefore is properly removable to this Court pursuant to the provisions

-3-

of 28 U.S.C. 1441(a) and (b).   Accordingly, Defendants have established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

## III.   **THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

**A.   Venue is Proper.**  In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Southern District of Alabama, Mobile Division, because, according to the Complaint, a substantial portion of the events giving rise to Plaintiff's claims occurred in Baldwin County, Alabama, and the property subject of this suit is situated in Baldwin County.   Pursuant to 28 U.S.C. § 1441(a) and (b), this case may be removed to the United States District Court for the Southern District of Alabama, Mobile Division.

**B.   Removal is Timely.**  Plaintiff filed her Complaint on November 3, 2010.   Defendants have not been served, but have chosen to waive service under Rule 4 of the *Federal Rules of Civil Procedure.*   Thus, thirty (30) days have not expired since Defendants received notice of this action, making removal proper in accordance with 28 U.S.C. § 1446(b).   In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as **Exhibit A.**

## IV.    CONCLUSION AND REQUESTED RELIEF

For the reasons described above, Defendants respectfully request this Court to proceed with this matter as if it had been originally filed herein and that this Court grant Defendants such other relief to which they are justly entitled.

Respectfully submitted on this the 5th day of November, 2010.

D. KEITH ANDRESS (AND 053)
CATHERINE C. LONG (CRO 091)

Attorneys for Defendants

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 328-0480
(205) 488-3846 fax
clong@bakerdonelson.com
kandress@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, and/or by electronically filing the foregoing with the Clerk of Court using the Alacourt electronic filing system, on November 5, 2010.

Ken Reimer, Esq.
Earl Underwood, Esq.
Attorneys for Plaintiff
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990-5558
(251) 990-0626

OF COUNSEL

-6-